UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZIARAH QUINCY-KAMAZZ BROADUS-BYNUM,

Plaintiff,

v.

MODESTO POLICE DEPARTMENT, et al.,

Defendants.

No. 2:25-cv-03114-DAD-AC P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND

(Doc. Nos. 6)

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 6, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint be dismissed without leave to amend based upon the determination that the action is barred by the holding in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. No. 6.) Specifically, the magistrate judge concluded that the state-initiated criminal proceedings that stemmed from the events at the heart of plaintiff's complaint were still ongoing, that those criminal proceedings implicated important state interest and that nothing barred the state court from addressing plaintiff's claims raised in this action. (*Id.* at 3–4.) Finally, because it was clear that plaintiff's complaint could not be cured by amendment the magistrate judge recommended that the dismissal be without leave to amend. (*Id.* at 4.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 5.) On December 29, 2025, the court received two set of objections to the pending findings and recommendations from plaintiff. (Doc. Nos. 9, 10.) In his first set of objections plaintiff states that he is asking this court for all evidence in connection with his criminal prosecution in the San Joaquin County Superior Court for purposes of bringing a motion to suppress evidence. (Doc. No. 9 at 2.) Plaintiff also raises a number of complaints about his state court criminal proceedings, including claims of ineffective assistance of counsel. (*Id.* at 1–4.) In his second set of objections plaintiff levels new and additional complaints regarding those state court proceedings, the ineffective assistance of counsel he claims to have received and expresses the hope that his case can be transferred to the federal court. (Doc. No. 10 at 1–4.) Plaintiff's objections do not meaningfully address the magistrate judge's well-reasoned and thorough findings and recommendations nor do they provide a basis upon which those findings and recommendations should be rejected. Indeed, plaintiff's objections fully support the magistrate judge's conclusion that this civil action is barred pursuant to the holding in *Younger v. Harris*.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on November 6, 2025 (Doc. No. 6) are adopted in full;
2. Plaintiff's complaint is dismissed with prejudice and without leave to amend as barred under *Younger* abstention; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE